# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>**1292 Foxes Ridge Road, Acton, ME 04001** |
| **Timothy L. Noland** | Mortgage:<br>**January 21, 2011**<br>**Book 16040, Page 1**<br>**York County Registry of Deeds** |
| **Defendant** | |
| **Advantage Assets, II, Inc** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Timothy L. Noland, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, in which the Defendant, John C. Noland, is the obligor and the total amount owed under the terms of the Note is One Hundred Seventy-nine Thousand Seven Hundred Sixty and 49/100 ($179,760.49) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II is a corporation with its principal place of business located at 425 Walnut St. Cincinnati, OH. 45202.

5. The Defendant, Timothy L. Noland, is a resident of Lebanon, County of York and State of Maine. The Party-in-Interest,

6. Advantage Assets II, Inc., is located at c/o Corporation ServiceCompany, 251 Little Falls Dr., Wilmington, DE 19808.

## FACTS

7. On October 21, 2005, by virtue of a Warranty Deed from Richard A. Stewart and Anita Babette Stewart (a/k/a A. Babette Stewart), which is recorded in the York County Registry of Deeds in **Book 14645, Page 854**, the property situated at 1292 Foxes Ridge Road, City/Town of Acton, County of York, and State of Maine, was conveyed to John C. Noland and Timothy L. Noland, being more particularly described by the attached legal description.

*See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On January 21, 2011, Defendant, John C. Noland, executed and delivered to Suntrust Mortgage, Inc. a certain Note under seal in the amount of $144,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).To secure said Note, on January 21, 2011,

9. Defendants, John C. Noland and Timothy L. Noland executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Suntrust Mortgage, Inc., securing the property located at 1292 Foxes Ridge Road, Acton, ME 04001 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 16040**, **Page 1**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated January 24, 2018 and recorded in the York County Registry of Deeds in **Book 17677**, **Page 516**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated April 13, 2018 and recorded in the York County Registry of Deeds in **Book 17708**, **Page 272**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II by virtue of an Assignment of Mortgage dated January 28, 2020 and recorded in the York County Registry of Deeds in **Book 18156**, **Page 807**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On September 21, 2021, the Defendant, Timothy L. Noland, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Timothy L. Noland, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

15. The Defendant, Timothy L. Noland, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the lawful holder and owner of the Note and Mortgage.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

19. Advantage Assets, II, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $2,360.50 dated July 19, 2010, and recorded in the York County Registry of Deeds in **Book 16035**, **Page 645** and is in first position behind Plaintiff's Mortgage. .

20. The total debt owed under the Note and Mortgage as of December 3, 2021 is One Hundred Seventy-nine Thousand Seven Hundred Sixty and 49/100 ($179,760.49) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $129,023.35 |
| Interest | $30,656.65 |
| Total Advances | $2,926.05 |
| Escrow Advance | $17,959.30 |
| Suspense Balance | -$804.86 |
| Grand Total | $179,760.49 |

21. Upon information and belief, the Defendant, Timothy L. Noland, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

23. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 1292 Foxes Ridge Road, Acton, County of York, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, has the right to foreclosure and sale upon the subject property.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendant, Timothy L. Noland, is presently in default on said Mortgage, having failed to make the monthly payment due April 1, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage.

27. Upon information and belief, John C Noland died on November 8, 2013.

28. The total debt owed under the Note and Mortgage as of December 3, 2021 is One Hundred Seventy-nine Thousand Seven Hundred Sixty and 49/100 ($179,760.49) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $129,023.35 |
| Interest | $30,656.65 |
| Total Advances | $2,926.05 |
| Escrow Advance | $17,959.30 |
| Suspense Balance | -$804.86 |
| Grand Total | $179,760.49 |

29. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant, Timothy L. Noland's breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate but only as an in rem relief, Timothy L. Noland has no personal liability in this matter.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Timothy L. Noland, on September 21, 2021, evidenced by the Certificate of Mailing. *See* Exhibit G.

32. The Defendant, Timothy L. Noland, is not in the Military as evidenced by the attached Exhibit H.

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, upon the expiration of the period of redemption;

c) Find that the Defendants Timothy L. Noland, is in breach of the Mortgage by failing to make payment due as of April 1, 2017, and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II, is entitled to enforce the terms and conditions of the Note and Mortgage;

e) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs but simply as an in rem relief against the subject property;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSRMF MH Master Participation Trust II,
By its attorneys,

Dated: December 9, 2021

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com